UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

YAPHET K. JAMAL,
        Plaintiff,

        vs.                                                    09-1421

WARDEN D. SMITH, et al.
        Defendants.

MERIT REVIEW ORDER

        This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

        The plaintiff, a federal prisoner, has filed this lawsuit pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).   The plaintiff claims his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois.  The plaintiff has identified three defendants including Warden D. Smith, Lieutenant Floyd and Religious Services Coordinator Teri Garrett.

        The plaintiff says on June 2, 2009, he was leaving the dining room after the noon meal when Defendant Garrett called the plaintiff over for "a pat down search of plaintiff's person for the purpose of detecting contraband." (Comp, p. 6)   The plaintiff says he told Garrett that he is an orthodox Muslim, and therefore is not to have physical contact with a member of the opposite sex.  The plaintiff asked for a male staff member to conduct the search.  The plaintiff says Defendant Garrett was aware of the plaintiff's religion and its requirements since she is the religious services coordinator.  In addition, the plaintiff says there were male officers in the area.

        Defendant Garrett denied the plaintiff's request and threatened to take disciplinary action if he did not comply with the search.   Lieutenant Floyd was summoned and the plaintiff again explained his object.  Defendant Floyd told the plaintiff he must comply with the pat down search.

        The plaintiff says he submitted to the search to avoid punishment, but complained about the procedure to Warden Smith.  The Warden took no action.   The plaintiff says the three defendants violated his First Amendment rights

        The plaintiff has adequately alleged a violation of his First Amendment rights.  A

1

prison regulation violates a prisoner's First Amendment right to freely exercise his religion if the regulation is not reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). It is clear that maintaining safety and order in prison is a valid penological interest. *See Fell v. Procunier*, 417 U.S. 817, 823 (1974). To determine whether the regulation is reasonably related to the penological interest, courts consider such factors as the relationship between the regulation and the legitimate government objective, the availability of alternative means of exercising the right, and the impact that accommodating the right will have upon guards, other inmates, and the allocation of prison resources. *Turner*, 482 U.S. at 89-91. *See also Forde v. Zickefoose*, 612 F.Supp.2d 171(D.Conn.,2009) (Summary judgement denied regarding prison's non-emergency cross-gender pat-down search policy); *but see Muhammad v. Bush*, 1997 WL 434382 (6th Cir. July 31, 1997) (summary judgement for defendants upheld when male inmate claims pat-down search by female guards violated his First Amendment rights).

The plaintiff says he also believes Defendant Garrett was attempting to sexually harass the plaintiff in violation of his First Amendment rights. A sexual harassment claim would fall under the Eighth Amendment prohibition against cruel and unusual punishment, not the First Amendment. *Johnson v Phelan,* 69 F.3d 144, 147 (7th Cir. 1995). However, courts have generally found that isolated incidents of harassment, involving verbal harassment and touching, are not severe enough to rise to the level of a constitutional violation. *See Berryhill v Schriro,* 137 F.3d 1073 (8th Cir. 1998) (civilian worker grabbing inmate's buttocks not accompanied by sexual comments, not Eighth Amendment violation.); *Boddie v. Schneider,* 105 F.3d 857 (2nd Cir. 1997)(small number of incidents involving verbal harassment, unwanted touching insufficient to state sexual harassment claim); *Jones v Culinary Manager II,* 30 F. Supp.2d 491 (E.D. Pa 1998)(single incident of "grinding" against plaintiff's buttocks accompanied by threat to have sex with plaintiff insufficient to state Eighth Amendment sexual harassment claim.)

In the plaintiff's complaint, he clearly states that Defendant Garrett called him over "for the purpose of conducting a pat down search of the plaintiff's person for the purposes of detecting contraband." (Comp., p. 6). The plaintiff does not mention anything unusual about the way the search was conducted or any other physical contact with this defendant. The plaintiff has failed to state a violation of his Eighth Amendment rights.

**IT IS THEREFORE ORDERED:**

**1) The merit review hearing scheduled for January 29, 2010, is cancelled, writ vacated. Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: Warden D. Smith, Lieutenant Floyd and Religious Services Coordinator Teri Garrett of the Federal Correctional Institution in Pekin, Illinois violated the plaintiff's First Amendment right freely exercise his religion on June 2, 2009.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph (1) above. Any claims not set forth in paragraph (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) This case is referred to the magistrate judge for consideration of the pending motion to proceed in forma pauperis.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 22nd Day of January, 2010.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE